## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE #1, a Minor, by and** | ) | CASE NO.: |
| **through Mother and Natural** | ) | |
| **Guardian JANE DOE #1** | ) | |
| c/o DiCello Levitt Gutzler LLC | ) | |
| Western Reserve Law Building | ) | JUDGE: |
| 7556 Mentor Avenue | ) | |
| Mentor, Ohio 44060, | ) | |
| | ) | |
| and | ) | |
| | ) | **COMPLAINT** |
| **JOHN DOE #2, a Minor, by and** | ) | |
| **through Guardian JANE DOE #2** | ) | **(Jury Demand Endorsed Hereon)** |
| c/o DiCello Levitt Gutzler LLC | ) | |
| Western Reserve Law Building | ) | |
| 7556 Mentor Avenue | ) | |
| Mentor, Ohio 44060, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **NATHAN BAXENDALE** | ) | |
| 6076 Champagne Shores | ) | |
| Medina, Ohio 44256, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **WELLINGTON EXEMPTED** | ) | |
| **VILLAGE SCHOOL DISTRICT** | ) | |
| **BOARD OF EDUCATION** | ) | |
| 305 Union Street | ) | |
| Wellington, Ohio 44090, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **EDWARD WEBER** | ) | |
| 305 Union Street | ) | |
| Wellington, Ohio 44090, | ) | |
| | ) | |
| Defendants. | ) | |

Now come Plaintiffs John Doe #1, a minor, by and through Mother and Natural Guardian Jane Doe #1 ("Plaintiff John Doe #1"); John Doe #2, a minor, by and through Guardian Jane Doe #2 (hereinafter, "Plaintiff John Doe #2"); and Nathan Baxendale (hereinafter, "Plaintiff Baxendale") (collectively, "Plaintiffs"), by and through undersigned counsel, and for their Complaint against Defendants Wellington Exempted Village School District Board of Education (hereinafter, "Defendant Wellington Board of Education") and Edward Weber (hereinafter, "Defendant Weber") (collectively, "Defendants"), state as follows:

## PARTIES

1.      Plaintiff John Doe #1 is a juvenile resident of Lorain County, Ohio, and is not *sui juris* by virtue of his minority. Jane Doe #1 is the mother and natural guardian of Plaintiff John Doe #1 and is a resident of Lorain County, Ohio, over the age of 18, and otherwise *sui juris*.

2.      At all times material hereto, Plaintiff John Doe #1 was a minor and a student attending McCormick Middle School, a school within Wellington Exempted Village School District and also within the purview of Defendant Wellington Board of Education.

3.      Plaintiff John Doe #1 and his mother are entitled to anonymity in these proceedings because of Plaintiff John Doe #1's status as a juvenile, the sensitive nature of the details of the complaint, and in order to mitigate the threat of further reprisals and retaliation against Plaintiff John Doe #1.

4.      Plaintiff John Doe #2 is a juvenile resident of Lorain County, Ohio, and is not *sui juris* by virtue of his minority.  Jane Doe #2 is the legal guardian of Plaintiff John Doe #2 and is a resident of Lorain County, Ohio, over the age of 18, and otherwise *sui juris*.

5.      At all times material hereto, Plaintiff John Doe #2 was a minor and a student attending McCormick Middle School.

6.     Plaintiff John Doe #2 and his guardian are entitled to anonymity in these proceedings because of Plaintiff John Doe #2's status as a juvenile, the sensitive nature of the details of this Complaint, and in order to mitigate the threat of further reprisals and retaliation against Plaintiff John Doe #2.

7.     Plaintiff Baxendale is a resident of Medina County, Ohio.  Plaintiff Baxendale is a highly qualified educator and school administrator; he was Principal of McCormick Middle School from August 1, 2017 through July 31, 2021.

8.     Defendant Wellington Board of Education presides over Wellington Exempted Village School District, located in Wellington, Ohio.  Wellington Exempted Village School District is a public school district, including a public elementary school, a middle school, and a high school.

9.     Defendant Weber is the Superintendent of the Wellington Exempted Village School District.  Defendant Weber has held this position since 2017, and at all times material hereto.

## JURISDICTION & VENUE

10.     This Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because the matters in controversy arise under the laws of the United States. Specifically, Plaintiffs assert a claim under Title IX of the Education Amendments of 1972, 20 U.S.C § 1681 *et seq*.  This Court has supplemental jurisdiction over Plaintiffs' remaining claims under 28 U.S.C. § 1367(a).

11.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events, acts, or omissions giving rise to Plaintiffs' claims occurred in this district and Defendants reside in this district.

## FACTS COMMON TO ALL CLAIMS

12.     At all times material hereto, Wellington Exempted Village School District and Defendant Wellington Board of Education were receiving federal funding or federal financial assistance, as defined in Title IX, 20 U.S.C. § 1681 *et seq*.

13.     Title IX of the Education Act, 20 USC 1681 as enforced by 34 CFR Sec. 106.31 *et seq*. states: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

14.     At all times material hereto, McCormick Middle School was part of the Wellington Exempted Village School District and was overseen by Defendant Wellington Board of Education and its agent, Defendant Weber.

15.     Plaintiff Baxendale was the Principal of McCormick Middle School from August 1, 2017 through July 31, 2021.

16.     At all times relevant herein, Defendant Wellington Board of Education and Defendant Weber had a duty to comply with Ohio state law and federal law, in order to prevent student bullying, sexual assault, and sexual harassment of teaching and administrative staff at its schools, including McCormick Middle School.

17.     Defendant Weber, who is sued herein individually, jointly, and severally with the Defendant Wellington Board of Education, acts as Defendant Wellington Board of Education's Title IX compliance officer.

18.     All acts or omissions of all Defendants herein, or any other Wellington Exempted Village School District staff, faculty, and/or administrators, were done in the course and scope of their employment and/or in furtherance of the interests of Defendant Wellington Board of Education.

4

### A.  *Assault and Harassment by McCormick Student Delinquents Comes to Light*

19.     In January of 2021, Plaintiff Baxendale received a phone call from the parent of a seventh-grade McCormick student on the school's basketball team.  During the call, the parent advised that her son was being bullied and sexually assaulted at basketball practice by numerous McCormick students, including Delinquent 1, Delinquent 2, Delinquent 3, and Delinquent 4.[1]

20.     In response, Plaintiff Baxendale spoke with the coach of the McCormick basketball team to discuss the alleged bullying and sexual assault.

21.     Plaintiff Baxendale further communicated with Defendant Weber.  During this communication, Plaintiff Baxendale advised that he wanted to download and review video tape of the basketball practice in question, to see if there were any recorded instances of bullying or sexual assault.

22.     Plaintiff Baxendale also advised Defendant Weber that if this sexual assault was corroborated, the students responsible would need to be punished and, at the very least, removed from the basketball team.

23.     Defendant Weber would not allow Plaintiff Baxendale to review the video footage. Defendant Weber instead advised Plaintiff Baxendale to take no action and wait for Defendant Weber to engage counseling for the Delinquent students.

24.     Defendant Weber thereafter failed to provide counseling to the Delinquent students, nor was Plaintiff Baxendale allowed by Defendant Weber to discipline the Delinquent students in any way.

25.     On numerous occasions thereafter, Defendant Weber was informed of the repeated bullying and sexual assaults occurring at McCormick Middle School by Delinquents 1, 2, 3 and 4.

---

[1] All Delinquents noted in the Complaint are minors, and their names are thus omitted from this Complaint for privacy purposes.

26.     In early February 2021, Plaintiff Baxendale was notified by an employee of Firelands Middle School that during a basketball game against McCormick Middle School, members of McCormick Middle School's team, including Delinquent 1 and Delinquent 4, approached a Firelands Middle School Cheerleader, handed her a dollar bill, and demanded oral sex.

27.     In response to this incident, Defendant Weber again prevented Baxendale from removing any of the Delinquent students from the McCormick Middle School basketball team or punishing the Delinquents in any other manner.

28.     Defendants were thus, as of February 2021, on notice of the violent and sexually aggressive nature of the Delinquent students on the McCormick Middle School basketball team, and Defendants were deliberately indifferent as to their need to punish such behavior or prevent it from occurring in the future.

**B.      *The Same Group of Delinquents Assault and Attack Plaintiff John Doe #2***

29.     On or about April 23, 2021, during school hours, Plaintiff John Doe #2 was physically and sexually attacked in the McCormick Middle School gym locker room by members of the McCormick Middle School basketball team, including Delinquent 1, Delinquent 2, Delinquent 3, and Delinquent 4.

30.     During the attack, the students cornered Plaintiff John Doe #2.  While Plaintiff John Doe #2 was cornered, Delinquent 2 physically simulated sexual acts on Plaintiff John Doe #2; the group further taunted Plaintiff John Doe #2 while another student – Delinquent 5 – grabbed and squeezed Plaintiff John Doe #2's genitalia.

31.     On the same day as this attack, Plaintiff John Doe #2 notified school officials of the assault.

32.     In response, Plaintiff Baxendale immediately initiated an investigation into the assault.

33.     During this investigation, multiple McCormick Middle School students were interviewed regarding their having witnessed the conduct and behavior of Plaintiff John Doe #2's attackers; all students interviewed corroborated Plaintiff John Doe #2's account.

34.     During the investigation, Plaintiff John Doe #2 informed McCormick faculty that the acts done to him in the gym locker room had been ongoing and repeated by various members of the McCormick Middle School basketball team. Plaintiff John Doe #2 further stated that Delinquent 1, Delinquent 2, Delinquent 3, Delinquent 4, and Delinquent 5, had been repeatedly bullying, inappropriately touching, and sexually assaulting Plaintiff John Doe #2 at McCormick Middle School for the past few months.

35.     A total of sixteen (16) students that were interviewed during Plaintiff Baxendale's investigation into this attack against Plaintiff John Doe #2 stated that they were victims or witnesses of similar instances of harassment by the same group of Delinquents.

36.     As a result of Plaintiff Baxendale's investigation into the above sexual assaults, Plaintiff Baxendale recommended to Defendant Weber that the Delinquent students involved be immediately suspended, with a recommendation for expulsion.

37.     Defendant Weber did not follow Plaintiff Baxendale's recommendation and did not allow for the suspension or expulsion of any of the Delinquent students.

**C.     *The Same Group of Delinquents Assault and Attack Plaintiff John Doe #1***

38.     On or about April 27, 2021, during school hours and at McCormick Middle School facilities, Plaintiff John Doe #1 was attacked by Delinquent 3, who had snuck up from behind Plaintiff John Doe #1 and shoved his finger into Plaintiff John Doe #1's anus.

39.     In response to this attack, Plaintiff Baxendale pulled school surveillance video and confirmed that this attack had occurred. Plaintiff John Doe #1 thereafter informed Plaintiff Baxendale that these sorts of attacks and harassment had been ongoing by the same group of Delinquents as referenced above over the course of the prior months.

40.     On April 30, 2021, the parents of Plaintiff John Doe #1 met with Wellington Exempted Village Schools officials regarding the sexual assault against their son.  Present for the meeting were Plaintiff Baxendale, Nancy Nimmo (Wellington Exempted Village Schools' Special Education Director), Jaqueline Walsh-Brickman (legal counsel for Wellington Exempted Village Schools), Nicole Poynter (Wellington Exempted Village Schools Social Worker), Plaintiff John Doe #1, and Plaintiff John Doe #1's parents.  During this meeting, the school officials urged Plaintiff John Doe #1 and his parents not to report the above assault to local law enforcement.

41.     The parents of Plaintiff John Doe #1 reported the incident to local law enforcement, despite the discouragement by employees of Wellington Exempted Village Schools.

42.     On May 17, 2021, following an investigation of the attack against Plaintiff John Doe #2 on April 23, 2021, Plaintiff Baxendale submitted a full investigative report of the attack to Defendant Weber, which included Plaintiff Baxendale's recommendation to expel certain of the Delinquents.

43.     On June 3, 2021, in response to Plaintiff Baxendale's report, Defendant Weber expelled Delinquent 1 and Delinquent 2, but allowed them to re-enroll at Wellington Exempted Village Schools the following year.

44.     In response to Defendant Weber's decision, on or about June 3, 2021, Plaintiff Baxendale emailed Defendant Wellington Board of Education to state that Plaintiff Baxendale did not support Defendant Weber's decision to allow Delinquent 1 and Delinquent 2 to re-enroll at

Wellington Exempted Village Schools, stating that it was a detriment to the safety and security of the school and its students.

**D.**     ***Retaliation and Other Adverse Actions Against Plaintiff Baxendale***

45.     On or about March 19, 2019, Defendant Wellington Board of Education entered into a contract with Plaintiff Baxendale to employ him for two years as Principal at McCormick Middle School.

46.     Plaintiff Baxendale was highly qualified for this employment, and his two-year contract was expected to be routinely renewed.

47.     During his tenure at McCormick Middle School, as discussed in the paragraphs above, Plaintiff Baxendale became aware of certain students who were victimized by bullying, harassment, and sexual assaults by other students.

48.     Plaintiff Baxendale's attempts to address this student-on-student bullying and harassment were hampered and obstructed by Defendant Wellington Board of Education and Defendant Weber.

49.     Defendant Wellington Board of Education, along with Defendant Weber, created and fostered a place of business that was a hostile and offensive work environment because of the problem with student-on-student sexual assault, bullying, and harassment of students, and Defendants' refusal to allow Plaintiff Baxendale to investigate and or remediate such problems.

50.     This illegal and delinquent conduct of McCormick Middle School students, if allowed to go unanswered by Plaintiff Baxendale, would jeopardize his teaching and administrator licenses, both of which were issued to him by the State of Ohio.

51.     Plaintiff Baxendale made a complaint about sexual assaults occurring at the hands of the above-noted Delinquents in January or February of 2021. The 2021 complaint by Plaintiff Baxendale put Defendants on notice that McCormick Middle School students were repeatedly

being victimized, sexually assaulted, and sexually harassed on school property by the same group of students.

52.     Both Defendant Weber and the Defendant Wellington Board of Education had a duty under Title IX to investigate, correct, and resolve said sexual assault and bullying.

53.     On or about May 6, 2021, Defendant Weber advised Plaintiff Baxendale that Defendant Weber intended to recommend that the Defendant Board of Education renew Plaintiff Baxendale's contract, referenced above, for one year.  This recommendation was to occur at a Business Meeting of the Defendant Wellington Board of Education that was to be held on or about May 18, 2021.

54.     Plaintiff Baxendale was thereafter constructively discharged when he resigned on May 17, 2021, effective July 31, 2021, out of frustration over the way Defendant Wellington Board of Education and Defendant Weber had placed his license in jeopardy by its unprofessional and inept handling of the said sexually charged hostile workplace environment and said sexual assault problems referenced above.

55.     After having resigned from employment with Wellington Exempted Village School District, Plaintiff Baxendale entered into an employment contract (the "Mapleton Contract") with Mapleton Local School District Board of Education on or about May 18, 2021.

56.     According to the terms of the Mapleton Contract, Plaintiff Baxendale accepted employment as Elementary School Principal for the Mapleton Elementary School, located in Ashland, Ohio, for a period of three years, commencing on August 1, 2021, and ending on July 31, 2024, unless sooner terminated as provided by the terms of the contract for employment. Mapleton Local Schools were to pay Plaintiff Baxendale an annual base salary, effective August 1, 2021, of $73,000.00, with a two percent increase in year two of the contract, followed by another two percent increase in year three of the contract.

57. Only thereafter, on June 3, 2021, did Defendant Weber decide to expel Delinquent 1 and Delinquent 2 as a result of the above-described sexual harassment. However, Defendant Weber also allowed Delinquent 1 and Delinquent 2 to re-enroll at Wellington Exempted Village Schools the following year, contrary to Plaintiff Baxendale's recommendations.

58. In response to Defendant Weber's decision, on or about June 3, 2021, Plaintiff Baxendale emailed Defendant Wellington Board of Education to state that Plaintiff Baxendale did not support Defendant Weber's decision to allow the Delinquents to re-enroll at Wellington Exempted Village Schools, stating that it was a detriment to the safety and security of the school and its students.

59. The next day, on June 4, 2021, Defendant Weber, acting as an agent of Defendant Wellington Board of Education, relieved Plaintiff Baxendale of his position as Principal of McCormick Middle School, citing baseless and unfounded claims of "failure to comply with disciplinary procedures, removal of records, insubordination, dishonesty, and other unprofessional conduct."

60. The above allegations leveled against Plaintiff Baxendale were pretextual in nature. Defendant Weber and Defendant Wellington Board of Education made these baseless allegations in an attempt to pretextually retaliate against Plaintiff Baxendale for his attempts to properly investigate and handle sexual harassment and sexual discrimination at McCormick Middle School.

61. Upon information and belief, Defendant Weber intentionally communicated these same false and pretextual allegations to the Mapleton Local School District Board of Education and/or its agents, in an attempt to interfere with the Mapleton Contract that had been entered into between Mapleton Local School District Board of Education and Plaintiff Baxendale.

62. As a result of Defendant Weber's false communications to the Mapleton Local School District Board of Education regarding Plaintiff Baxendale's performance as a school

administrator and educator, the Mapleton Local Schools Board of Education voted to sever its employment contract with Plaintiff Baxendale on or about August 2, 2021.

63.     On or about August 18, 2021, Defendant Weber, acting as an agent of Defendant Board of Education, reported the above baseless and false allegations to the Ohio Department of Education, in the form of an "Educator Misconduct Reporting Form."  The allegations leveled against Plaintiff Baxendale in this form were again pretextual in nature, and were asserted merely to retaliate against Plaintiff Baxendale for his attempts to properly investigate and handle sexual harassment and sexual discrimination at McCormick Middle School.

64.     The above charges, made to the Ohio Department of Education, placed Plaintiff Baxendale's Ohio state educator's license in jeopardy.

65.     The ulterior purpose of Defendant Weber's above-described conduct was to intimidate Plaintiff Baxendale, and thereby discourage him from testifying against Defendant Weber and Defendant Wellington Board of Education, or further investigating alleged sexual harassment charges on behalf of students.

66.     Defendant Wellington Board of Education and Defendant Weber acted with malice and intent.

### COUNT I: TITLE IX VIOLATION
### 20 U.S.C. § 1681 – Sexual Assault & Harassment
### (Plaintiff John Doe #2 v. Defendant Wellington Board of Education)

67.     Plaintiff John Doe #2 restates the preceding paragraphs as if fully set forth herein.

68.     Defendant Wellington Board of Education is liable under Title IX, as its deliberate indifference has deprived Plaintiff John Doe #2 of the educational opportunities and benefits provided by the school.

69.     Defendant Wellington Board of Education, through Defendant Weber and others, had actual knowledge of student-on-student sexual harassment and abuse that was severe,

pervasive, and objectively offensive, and which deprived Plaintiff John Doe #2 of access to the educational opportunities and benefits of the school.

70.     Further, Defendant Wellington Board of Education had the ability to investigate and take *effective* corrective action but failed or refused to do so.

71.     The response of Defendant Wellington Board of Education was so deficient as to amount to a deliberate indifference to the harassment and abuse.

72.     Defendant Wellington Board of Education exercised substantial control over the harassers in the context in which the harassment and assaults occurred.  All of the attacks and harassment occurred on school property, and all of the students who perpetrated the attacks and harassment were students under the control of agents and/or employees of Defendant Wellington Board of Education.

73.     Plaintiff John Doe #2 suffered repeated student-on-student harassment, and violent, gender-based hazing, harassment, and intimidation, including sexual assault, which is considered discrimination based on sex and is prohibited by Title IX.

74.     The harassment and assaults suffered by Plaintiff John Doe #2 caused him to withdraw from McCormick Middle School entirely.

75.     As a direct and proximate result of Defendant Wellington Board of Education's unlawful actions or inactions, Plaintiff John Doe #2 has suffered and will continue to suffer harm including, but not limited to, loss of educational opportunities, humiliation, embarrassment, reputational harm, psychological damage, emotional and physical distress, mental anguish, and other economic and non-economic damages in excess of $75,000.00.

WHEREFORE, Plaintiff John Doe #2 demands that judgment be entered in his favor and against Defendant Wellington Board of Education and the following relief be awarded:

    a.   Monetary damages for the loss of educational opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic and non-economic damages;

    b.   All legal and equitable remedies available for violations of Title IX, including compensatory damages, attorney's fees and costs, and other appropriate relief;

    c.   Payment of all medical costs and tuition payments;

    d.   Payment of costs of this action, together with reasonable attorney's fees and disbursements;

    e.   Injunctive relief as this Court deems just and equitable;

    f.   Punitive and exemplary damages; and

    g.   Such further relief as this Court deems just and equitable.

## COUNT II: TITLE IX VIOLATION
### 20 U.S.C. § 1681 – Sexual Assault & Harassment
### (Plaintiff John Doe #1 v. Defendant Wellington Board of Education)

76.    Plaintiff John Doe #1 restates the preceding paragraphs as if fully set forth herein.

77.    Defendant Wellington Board of Education is liable under Title IX, as its deliberate indifference has deprived Plaintiff John Doe #1 of the educational opportunities and benefits provided by the school.

78.    Defendant Wellington Board of Education, through Defendant Weber and others, had actual knowledge of student-on-student sexual harassment and abuse that was severe, pervasive, and objectively offensive, and which deprived Plaintiff John Doe #1 of access to the educational opportunities and benefits of the school.

79.    Further, Defendant Wellington Board of Education had the ability to investigate and take *effective* corrective action but failed or refused to do so.

80.    The response of Defendant Wellington Board of Education was so deficient as to amount to deliberate indifference to the harassment and abuse.

81.     Defendant Wellington Board of Education exercised substantial control over the harassers in the context in which the harassment and assaults occurred.  All of the attacks and harassment occurred on school property, and all of the students who perpetrated the attacks and harassment were students under the control of agents and/or employees of Defendant Wellington Board of Education.

82.     Plaintiff John Doe #1 suffered repeated student-on-student harassment, and violent, gender-based hazing, harassment, and intimidation, including sexual assault, which is considered discrimination based on sex and is prohibited by Title IX.

83.     The harassment and assaults suffered by Plaintiff John Doe #1 caused him to withdraw from McCormick Middle School entirely.

84.     As a direct and proximate result of Defendant Wellington Board of Education's unlawful actions or inactions, Plaintiff John Doe #1 has suffered and will continue to suffer harm including, but not limited to, loss of educational opportunities, humiliation, embarrassment, reputational harm, psychological damage, emotional and physical distress, mental anguish, and other economic and non-economic damages in excess of $75,000.00.

WHEREFORE, Plaintiff John Doe #1 demands that judgment be entered in his favor and against Defendant Wellington Board of Education and the following relief be awarded:

    a.  Compensatory damages for the loss of educational opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic and non-economic damages;

    b.  All legal and equitable remedies available for violations of Title IX, including compensatory damages, attorney's fees and costs, and other appropriate relief;

    c.  Payment of all medical costs and tuition payments;

    d.  Payment of costs of this action, together with reasonable attorney's fees and disbursements;

    e.  Injunctive relief as this Court deems just and equitable;

    f.   Punitive and exemplary damages; and

    g.   Such further relief as this Court deems just and equitable.

## COUNT III: TITLE IX RETALIATION
### 20 U.S.C. § 1681 – Sexual Assault & Harassment
### (Plaintiff John Doe #2 v. Defendant Wellington Board of Education)

85.    Plaintiff John Doe #2 restates the preceding paragraphs as if fully set forth herein.

86.    Plaintiff John Doe #2 engaged in the Title IX protected activity of participating in the report and/or investigation of an allegation of sexual assault or sexual harassment by a student.

87.    Defendant Wellington Board of Education thereafter retaliated against Plaintiff John Doe #2 in violation of Title IX by, inter alia, attempting to dissuade Plaintiff John Doe #2 from reporting any of the sexual assaults alleged to local law enforcement, as well as allowing the perpetrators of this sexual assault to eventually return to the same school as Plaintiff John Doe #2.

88.    As a direct and proximate result of Defendant Wellington Board of Education's unlawful conduct in violation of Title IX, Plaintiff John Doe #2 has suffered, and continues to suffer, harm for which he is entitled to an award of damages to the greatest extent permitted by law, including, but not limited to, monetary and/or economic harm.

89.    As a direct and proximate result of Defendant Wellington Board of Education's unlawful retaliatory actions, Plaintiff John Doe #2 has suffered and will continue to suffer harm including, but not limited to, loss of educational opportunities, humiliation, embarrassment, reputational harm, psychological damage, emotional and physical distress, mental anguish, and other economic and non-economic damages in excess of $75,000.00.

WHEREFORE, Plaintiff John Doe #2 demands that judgment be entered in his favor and against Defendant Wellington Board of Education and the following relief be awarded:

    a.   Compensatory damages for the loss of educational opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic and non-economic damages;

b. All legal and equitable remedies available for violations of Title IX, including compensatory damages, attorney's fees and costs, and other appropriate relief;

c. Payment of all medical costs and tuition payments;

d. Payment of costs of this action, together with reasonable attorney's fees and disbursements;

e. Injunctive relief as this Court deems just and equitable;

f. Punitive and exemplary damages; and

g. Such further relief as this Court deems just and equitable.

### COUNT IV: TITLE IX RETALIATION
**20 U.S.C. § 1681 – Sexual Assault & Harassment**
**(Plaintiff John Doe #1 v. Defendant Wellington Board of Education)**

90. Plaintiff John Doe #1 restates the preceding paragraphs as if fully set forth herein.

91. Plaintiff John Doe #1 engaged in the Title IX protected activity of participating in the report and/or investigation of an allegation of sexual assault or sexual harassment by a student.

92. Defendant Wellington Board of Education thereafter retaliated against Plaintiff John Doe #1 in violation of Title IX by, inter alia, attempting to dissuade Plaintiff John Doe #1 from reporting any of the sexual assaults alleged to local law enforcement, as well as allowing the perpetrators of this sexual assault to eventually return to the same school as Plaintiff John Doe #1.

93. As a direct and proximate result of Defendant Wellington Board of Education's unlawful conduct in violation of Title IX, Plaintiff John Doe #1 has suffered, and continues to suffer, harm for which he is entitled to an award of damages to the greatest extent permitted by law, including, but not limited to, monetary and/or economic harm.

94. As a direct and proximate result of Defendant Wellington Board of Education's unlawful retaliatory actions, Plaintiff John Doe #1 has suffered and will continue to suffer harm including, but not limited to, loss of educational opportunities, humiliation, embarrassment,

reputational harm, psychological damage, emotional and physical distress, mental anguish, and other economic and non-economic damages in excess of $75,000.00.

WHEREFORE, Plaintiff John Doe #1 demands that judgment be entered in his favor and against Defendant Wellington Board of Education and award the following relief:

    a.  Compensatory damages for the loss of educational opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic and non-economic damages;

    b.  All legal and equitable remedies available for violations of Title IX, including compensatory damages, attorney's fees and costs, and other appropriate relief;

    c.  Payment of all medical costs and tuition payments;

    d.  Payment of costs of this action, together with reasonable attorney's fees and disbursements;

    e.  Injunctive relief as this Court deems just and equitable;

    f.  Punitive and exemplary damages; and

    g.  Such further relief as this Court deems just and equitable.

## <u>COUNT V: NEGLIGENCE</u>
### (Plaintiffs John Doe #1 and John Doe #2 v. Defendant Wellington Board of Education and Defendant Weber)

95.    Plaintiffs John Doe #1 and John Doe #2 restate the preceding paragraphs as if fully set forth herein

96.    Defendant Wellington Board of Education and Defendant Weber owed duties of care to Plaintiffs John Doe #1 and John Doe #2 including, among other things:

    a.  Protecting them from assaults, hazing, and/or bullying by other students;

    b.  Protecting them from and otherwise supervising students who Defendants know, or should have known, to have a history of inappropriate sexual misconduct;

    c.  Preventing student-on-student sexual assaults;

    d.  Preventing student-on-student intimidation;

     e.   Properly investigating complaints of sexual abuse, hazing, bullying, harassment, and/or intimidation; and

     f.   Properly remedying instances of sexual abuse, hazing, bullying, harassment, and/or intimidation.

97.     Defendant Wellington Board of Education and Defendant Weber each breached the duties owed to Plaintiffs John Doe #1 and John Doe #2, as Defendants failed to protect Plaintiffs John Doe #1 and John Doe #2, from foreseeable harm; failed supervise students who they knew to have a history of inappropriate sexual misconduct; failed to prevent hazing or bullying; and failed to investigate or remedy claims of sexual abuse, hazing, bullying, harassment, and/or intimidation against Plaintiffs John Doe #1 and John Doe #2.

98.     As a direct and proximate result of the actions and inactions of Defendant Wellington Board of Education and Defendant Weber, Plaintiff John Doe #1 has suffered and will continue to suffer harm including, but not limited to, loss of educational opportunities, humiliation, embarrassment, reputational harm, psychological damage, emotional and physical distress, mental anguish, and other economic and non-economic damages in excess of $75,000.00.

99.     As a direct and proximate result of the actions and inactions of Defendant Wellington Board of Education and Defendant Weber, Plaintiff John Doe #2 has suffered and will continue to suffer harm including, but not limited to, loss of educational opportunities, humiliation, embarrassment, reputational harm, psychological damage, emotional and physical distress, mental anguish, and other economic and non-economic damages in excess of $75,000.00.

WHEREFORE, Plaintiffs John Doe #1 and John Doe #2 demand that judgment be entered in their favor and against Defendants and the following relief be awarded:

     a.   Compensatory damages;

     b.   Payment of all medical costs and tuition payments;

    c. Payment of costs of this action, together with reasonable attorney's fees and disbursements;

    d. Injunctive relief as this Court deems just and equitable; and

    e. Such further relief as this Court deems just and equitable.

## COUNT VI: TITLE IX RETALIATION
### (Plaintiff Baxendale v. Defendant Wellington Board of Education)

100. Plaintiff Baxendale restates the preceding paragraphs as if fully set forth herein.

101. Plaintiff Baxendale engaged in the Title IX protected activity of participating in the report and/or investigation of an allegation of sexual assault or sexual harassment by a student.

102. Defendant Wellington Board of Education thereafter retaliated against Plaintiff Baxendale in violation of Title IX by, inter alia, constructively discharging Plaintiff Baxendale, and allowing Defendant Weber, as an agent of the Defendant Wellington Board of Education, to file frivolous and false complaints against Plaintiff Baxendale.

103. As a direct and proximate result of Defendant Wellington Board of Education's unlawful conduct in violation of Title IX, Plaintiff Baxendale has suffered, and continues to suffer, harm for which he is entitled to an award of damages to the greatest extent permitted by law, including, but not limited to, monetary and/or economic harm.

104. As a direct and proximate result of Defendant Wellington Board of Education's unlawful retaliatory actions, Plaintiff Baxendale has suffered and will continue to suffer harm including, but not limited to, lost wages, humiliation, embarrassment, reputational harm, psychological damage, emotional and physical distress, mental anguish, and other economic and non-economic damages in excess of $75,000.00.

WHEREFORE, Plaintiff Baxendale demands that judgment be entered in his favor and against Defendant Wellington Board of Education and the following relief be awarded:

    a.   Compensatory damages for the loss of employment, lost wages, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic and non-economic damages;

    b.   All legal and equitable remedies available for violations of Title IX, including compensatory damages, attorney's fees and costs, and other appropriate relief;

    c.   Payment of costs of this action, together with reasonable attorney's fees and disbursements;

    d.   Injunctive relief as this Court deems just and equitable;

    e.   Punitive and exemplary damages; and

    f.   Such further relief as this Court deems just and equitable.

## COUNT VII: WRONGFUL DISCHARGE
### (Plaintiff Baxendale v. Defendant Wellington Board of Education and Defendant Weber)

105.    Plaintiff Baxendale restates each of the foregoing paragraphs as if fully rewritten herein.

106.    A clear public policy exists under Title IX which prohibits a host of conduct that creates a hostile educational environment based on sex, including sexual harassment, gender-based harassment, and sexual violence, which is a form of sexual harassment that includes rape, sexual assault, sexual battery and sexual coercion.  Title IX also prohibits retaliation in relation to reports of sex discrimination, sexual harassment, or sexual violence.

107.    Plaintiff Baxendale was constructively discharged by Defendant Wellington Board of Education and Defendant Weber due to Plaintiff Baxendale having engaged in conduct that was protected under Title IX.

108.    The constructive discharge by Defendants was motivated by their desire to retaliate against Plaintiff Baxendale for conduct protected under Title IX.

109.    Defendants lacked any overriding legitimate justification for the constructive discharge of Plaintiff Baxendale.

110.     As a direct and proximate result of Defendants' conduct, Plaintiff Baxendale has suffered and will continue to suffer harm including, but not limited to, lost wages, humiliation, embarrassment, reputational harm, psychological damage, emotional and physical distress, mental anguish, and other economic and non-economic damages in excess of $75,000.00.

WHEREFORE, Plaintiff Baxendale demands that judgment be entered in his favor and against Defendants and the following relief be awarded:

> a.  Compensatory damages for the loss of employment, lost wages, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic and non-economic damages;
>
> b.  Payment of costs of this action, together with reasonable attorney's fees and disbursements;
>
> c.  Injunctive relief as this Court deems just and equitable;
>
> d.  Punitive and exemplary damages; and
>
> e.  Such further relief as this Court deems just and equitable.

### COUNT VIII: TORTIOUS INTERFERENCE WITH CONTRACT
#### (Plaintiff Baxendale v. Defendant Weber)

111.     Plaintiff Baxendale restates the preceding paragraphs as if fully set forth herein.

112.     At all relevant times, Defendant Weber was aware of the Mapleton Contract.

113.     Defendant Weber intentionally procured the breach of the Mapleton Contract by Mapleton Local School District Board of Education.

114.     Defendant Weber had no valid legal justification for procuring the breach of the Mapleton Contract.

115.     As a direct and proximate result of Defendant Weber's unlawful actions, Plaintiff Baxendale has suffered and will continue to suffer harm including, but not limited to, lost wages, humiliation, embarrassment, reputational harm, psychological damage, emotional and physical distress, mental anguish, and other economic and non-economic damages in excess of $75,000.00.

WHEREFORE, Plaintiff Baxendale demands that judgment be entered in his favor and against Defendant Weber and the following relief be awarded:

a. Compensatory damages for the loss of employment, lost wages, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic and non-economic damages;

b. Payment of costs of this action, together with reasonable attorney's fees and disbursements;

c. Injunctive relief as this Court deems just and equitable;

d. Punitive and exemplary damages; and

e. Such further relief as this Court deems just and equitable.

Respectfully submitted,

*/s/ Peter C. Soldato*
Peter C. Soldato (0099356)
Robert F. DiCello (0072020)
Justin S. Abbarno (0099559)
**DiCELLO LEVITT GUTZLER LLC**
The Western Reserve Law Building
7556 Mentor Avenue
Mentor, Ohio 44060
Tel:    (440) 953-8888
Fax:    (440) 953-9138
psoldato@dicellolevitt.com
rfdicello@dicellolevitt.com
jabbarno@dicellolevitt.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues contained herein.

Respectfully submitted,

*/s/ Peter C. Soldato*
Peter C. Soldato (0099356)
Robert F. DiCello (0072020)
Justin S. Abbarno (0099559)
**DiCELLO LEVITT GUTZLER LLC**
The Western Reserve Law Building
7556 Mentor Avenue
Mentor, Ohio 44060
Tel:     (440) 953-8888
Fax:     (440) 953-9138
psoldato@dicellolevitt.com
rfdicello@dicellolevitt.com
jabbarno@dicellolevitt.com

***Counsel for Plaintiffs***